UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

RHONDA DURR,                          §
                                      §
          Plaintiff,                  §
VS.                                   §          CIVIL ACTION NO. 3:13-CV-320
                                      §
KORMAN ERWIN, MD, *et al*,            §
                                      §
          Defendants.                 §

## MEMORANDUM AND ORDER

Plaintiff Rhonda Durr filed suit in state court against an out-of-state drug manufacturer and an in-state doctor alleging that congenital birth defects her daughter suffered were the result of Durr taking Zoloft during her pregnancy. The Defendants removed the case to this Court, arguing that the in-state doctor was improperly joined. Durr now seeks remand. In addition to maintaining their position that diversity jurisdiction exists because the doctor was improperly joined, the Defendants argue that this Court should stay proceedings because of the possible transfer of this case to the Zoloft multidistrict litigation (MDL) court.

## I.   BACKGROUND

Plaintiff Rhonda Durr ingested the prescriptive drug "Zoloft," manufactured by Defendant Pfizer, while she was pregnant. Docket Entry No. 1-4 ¶ 9, 12. Her treating physician, Defendant Dr. Erwin Korman, prescribed the medication. *Id.* ¶ 9. Durr alleges that Zoloft was defective and that ingesting it while pregnant

caused her child to be born with congenital birth defects, including cleft lip and palate.  *Id.* ¶ 12.  She alleges negligence, strict liability, negligent design, failure to warn and gross negligence claims against Pfizer centered on its failure to warn the medical community that Zoloft was dangerous for pregnant mothers to ingest. Docket Entry No. 13 ¶ 3.  In the alternative, she alleges a negligence claim against Dr. Korman for prescribing Zoloft to Durr while she was pregnant.

After this case was removed, a conditional transfer order was issued to send this matter to the Eastern District of Pennsylvania for consolidated MDL pretrial proceedings with other Zoloft cases.  *Id.* ¶ 7.  Durr filed a notice of opposition, and the Judicial Panel for Multidistrict Litigation is scheduled to rule on the transfer at its December 5 session.  Durr also filed a motion to remand, arguing that her claim against Erwin was properly pled and thus complete diversity is lacking.

## II.  MOTION TO STAY PROCEEDINGS

Pfizer asks the Court to stay proceedings pending the transfer to the MDL proceedings, arguing that a stay would maximize judicial efficiency and keep Pfizer from having to litigate the same issues in this Court that are being litigated in similar cases pending in the MDL court.  As Pfizer recognizes, the Court has significant discretion in deciding whether to stay this case pending possible transfer to an MDL.  Indeed, in a letter to the Court discussing the potential transfer of this case to the MDL, the Chairman of the Panel on Multidistrict

Litigation wrote that "the Panel would like to emphasize that your jurisdiction continues until transfer to the MDL – if the Panel so orders – becomes effective. You should feel free to rule on any pending motions, including, but not limited to, motions to remand to state court." Letter from Chairman of the Panel – To Transferor Judge, *In re: Zoloft (Sertaline Hydrochloride Products Liability Litigation*, MDL No. 2342.

As other courts have noted, the Court would not necessarily conserve judicial resources by having the MDL court rule on the motion to remand. *See, e.g.*, *Pennsylvania v. TAP Pharm. Prods., Inc.*, 415 F. Supp. 2d 516, 521 (E.D. Pa. 2005) (noting that "the same degree of judicial resources must be expended" in either court "to make an assessment of which party should prevail" on jurisdictional issues such as a motion to remand); *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 630 (W.D. Tex. 2002) (holding that "judicial efficiency and economy are better served" by the court considering the motion to remand before a transfer to the MDL court). The parties have already briefed the remand issue in this Court—delay and costs would only increase if the Court were to grant the stay and leave the remand issue for the MDL court to resolve at some later date. And this Court has at least as much familiarity with the law of the State in which it sits, which governs the remand issue, as does the MDL panel in Pennsylvania. The Court therefore declines to issue a stay.

### III.   MOTION TO REMAND

The improper joinder doctrine is a narrow exception to the complete diversity rule. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted).  Under the second test upon which Pfizer relies, the removing party must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573.

In assessing whether a plaintiff has a reasonable basis of recovery, the "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.*  "A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."  *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).  The district court must resolve

all factual disputes and state law ambiguities in favor of the plaintiff. *Travis*, 326 F.3d at 649.

The "Rule 12(b)(6)-type analysis" that governs improper joinder claims often requires a Court to decide whether to apply Rule 12 in full, with its post-*Iqbal* and *Twombly* gloss, or the more lenient Texas fair-notice standard. *See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, at *12–13 (S.D. Tex. Jan. 20, 2011) (explaining the differences between the two standards). Most district courts in this circuit have applied the state court standard, given that "state court plaintiffs should not be required to anticipate removal to federal court." *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008); *Cal Dive Int'l, Inc. v. Chartis Claims, Inc.*, 2011 WL 5372268, at *5 (E.D. Tex. Nov. 7, 2011) (noting that the majority of courts to address this issue have applied the state pleading standard); *Sanders v. Husqvarna, Inc.*, 2012 WL 5210682, at *1 n.2 (S.D. Tex. Oct. 22, 2012) (applying the state law standard). But the Court does not need to decide the issue in this instance because the Court finds that Durr has sufficiently pled her negligence claim against Dr. Korman under either pleading standard.

Durr has alleged that Dr. Korman was her treating physician and that he violated his duty of care by (1) inappropriately treating her with Zoloft, (2) failing to select a more appropriate and efficacious drug for her, (3) prescribing Zoloft

"off-label," (4) failing to warn her regarding the birth defect risks of Zoloft, and (5) failing to act as a reasonable and prudent physician.  Docket Entry No. 13 at 5.  By alleging that Dr. Korman was her doctor, Durr established that he owed her a duty to act as a reasonably prudent physician.  Her allegations, which include several theories under which a court could find Dr. Korman negligent, give him fair notice of the facts that would constitute a breach of his duty to her as a treating physician. And her state court petition also establishes a basis for the Court to find that the causation and damages elements of her negligence claim could be satisfied.  Even under the more demanding federal pleading standards, Durr has satisfied her burden of establishing a plausible claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007) (noting that a complaint identical to the "simple fact pattern" laid out in the negligence form in the Appendix of Forms of the Federal Rules of Civil Procedure would be sufficiently pled because a "defendant wishing to prepare an answer . . . would know what to answer"); *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005) (noting that a negligent misrepresentation claim in which plaintiff asserted that defendants "failed to exercise reasonable care in obtaining the information concerning [a company's] financial condition" sufficiently stated a claim); *Cunningham v. Offshore Specialty Fabrications, Inc.*, 543 F. Supp. 2d 614, 641 (E.D. Tex. 2008) (finding a plausible federal claim when plaintiffs alleged that "Defendants were negligent in their hiring practices,

resulting in unsafe work conditions and real or potential bodily injury to the Plaintiffs").

Courts in this district have found less thorough allegations sufficient in pharmaceutical cases in which an in-state doctor was also sued. In *Flores v. Merck & Co., Inc.*, for instance, the plaintiff alleged that a doctor who prescribed Vioxx to the plaintiff was negligent for (1) failing to warn (2) failing to properly monitor the effect of the drug and (3) failing to offer a safer alternative drug. 2006 WL 3302545, at \*2 (S.D. Tex. Nov. 10, 2006). The Court noted that the plaintiff had sufficiently pled all of the elements of a medical malpractice claim and that the doctor was therefore properly joined as a party. *Id.* at \*2–3. In another case, the court accepted bare-bone allegations that a doctor was negligent for "fail[ing] to warn and/or negligently prescrib[ing] the medication Celebrex to Plaintiff." *Sauceda v. Pfizer, Inc.*, 2006 WL 3813777, at \*2 (S.D. Tex. Dec. 26, 2006). Courts in other districts have also remanded pharmaceutical cases in which negligence was alleged against an in-state doctor on allegations no more specific than those in this case. *See, e.g., Stone v. Baxter Intern., Inc.*, 2009 WL 236116, at \*6 (D. Neb. Jan. 30, 2009) (granting a motion to remand when plaintiff alleged that medical providers were negligent for administering contaminated drug); *Schultz v. AstraZeneca Pharm., L.P.*, 2006 WL 3797932, at \*4 (N.D. Cal. Dec. 22, 2006) (finding that allegations that a doctor prescribed drugs for unapproved uses, failed

to monitor, and failed to warn of serious adverse effects stated a "colorable claim of professional negligence"); *Rice v. Pfizer, Inc.*, 2006 WL 1932565, at *2 (N.D. Tex. July 7, 2006) (rejecting fraudulent joinder claim similar to the one brought here because plaintiffs had "adequately pleaded the four elements of a claim for medical malpractice.").

Pfizer's core concern with Durr's allegations against Dr. Korman is not the specificity of the allegations but their inconsistency with the allegations against Pfizer that contend Pfizer failed to warn the medical community about the dangers of Zoloft. Indeed, most of the petition challenges Pfizer's failure to warn and then, in one brief paragraph, alleges in the alternative that Dr. Korman knew about Zoloft's dangers and negligently failed to warn Durr about those dangers. Pfizer argues that Durr's "conclusory allegations against Dr. Korman, which are directly at odds with [her] claims against Pfizer, are further evidence that Dr. Korman was joined as a defendant solely to defeat federal jurisdiction." Docket Entry No. 18 at 8. But Texas law permits Durr to "set forth two or more statements of a claim alternatively or hypothetically, either in one count or defense or in separate counts or defenses . . . regardless of consistency." Tex. R. Civ. P. 48. And because the Court has found that Durr has adequately pled her claim against Dr. Korman, that claims' inconsistency with her claim against Pfizer does not defeat diversity jurisdiction.

8 / 10

Pfizer cites *Heirs of the Estate of Flores v. Merck & Co.* as support for its argument that when allegations against a drug manufacturer and an in-state doctor are incompatible, a court can find that the doctor was fraudulently joined. 2004 U.S. Dist. LEXIS 28017 (S.D. Tex. Mar. 15, 2004).   The plaintiffs' petition in *Flores*, however, was completely bereft of any allegations against the doctor beyond a description of his role in prescribing the medication that led to the plaintiffs' injuries.   And the *Flores* Court did not take into account that Texas law allows a plaintiff to assert alternative claims.   *Compare Continental Sav. Ass'n v. Maheney*, 641 S.W.2d 290, 292 (Tex. App.—Houston [14th Dist.] 1982, writ refused n.r.e.) (citation omitted) (explaining that because a plaintiff might not know at the outset what facts will later be established, it is prudent to plead "multiple theories and seek alternative and inconsistent relief.").

Because Pfizer has failed to show that "there is absolutely no possibility that [Durr] will be able to establish a cause of action" against Dr. Korman, *see Green*, 707 F.2d at 205, diversity jurisdiction is lacking.

## IV.   Conclusion

For the reasons discussed above, the Court exercises its discretion to rule on Durr's motion to remand prior to any MDL transfer.   Because the Court finds that Durr's claim against Dr. Korman is adequately pled, the Court does not have subject matter jurisdiction over this matter and must remand it to state court.   The

Plaintiff's Motion to Remand (Docket Entry No. 13) is therefore **GRANTED** and

**IT IS ORDERED** that the above-captioned cause is **REMANDED** to the 149th

Judicial District Court of Brazoria County, Texas.

SIGNED this 19th day of November, 2013.

_____
Gregg Costa
United States District Judge